**LITTLER MENDELSON, P.C.**
Amber M. Spataro, Esq. (N.J. Bar No. 036892008)
Jessica C. Pooran, Esq. (NJ Bar No. 336962021)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973-848-4700
E: ASpataro@littler.com
E: JPooran@littler.com
*Attorneys for Defendants*
CHECKMATE.COM INC. d/b/a ITSACHECKMATE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELINOR COHEN,<br><br>                    Plaintiff,<br><br>v.<br><br>CHECKMATE.COM INC. d/b/a<br>ITSACHECKMATE; and JOHN DOES 1-10<br>(fictitious names of entities and/or individuals<br>whose identities are presently unknown),<br>individually, jointly, severally and/or in the<br>alternative,<br><br>                    Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>*<u>Electronically Filed</u>* |

TO:    **THE CLERK AND THE HONORABLE JUDGES**
            **OF THE UNITED STATES DISTRICT COURT**
            **FOR THE DISTRICT OF NEW JERSEY**

       Defendant Checkate.com Inc. ("Defendant"), hereby files this Notice of Removal of the

above-captioned action to the United States District Court for the District of New Jersey, from the

New Jersey Superior Court, Bergen County, where the action is now pending, as provided by Title

28, United States Code, Chapter 89, and states:

       1.       Plaintiff Elinor Cohen ("Plaintiff"), purporting to be a resident of New Jersey,

commenced this action against Defendant on April 18, 2023, by filing a Complaint in the Superior

Court of New Jersey, Law Division, Ocean County, captioned "*Elinor Cohen v. Checkmate.com*

*d/b/a Itsacheckmate; and John Does 1-5 (fictitious names of entities and or individuals whose identities are presently unknown), individually jointly severally and/or in the alternative*," and bearing Docket No. BER-L-002028-23 ("the State Court Action").  The State Court Action is now pending in that Court.

2.     Defendant was served with the Summons and Complaint on April 26, 2023.  This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.     Collectively attached hereto as **Exhibit A** is a copy of all process, pleadings and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4.     The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

5.     Specifically, Plaintiff is an individual and resident and, upon information and belief, a citizen of the State of New Jersey, as she states she resides in New Jersey. (*See* Ex. A, ¶ 8).  *Vaughn v. Vaughn*, 674 Fed. Appx. 145, 146 (3d Cir. 2017) ("[I]t is the citizenship of the parties at the time the action is commenced which is controlling."); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("[W]hen the jurisdictional basis is diversity of citizenship, diversity is assessed as of the time the complaint was filed.");  *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citizenship is determined by domicile); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile.").

6.     Defendant is a corporation.  A corporation such as Defendant is a citizen of the state in which it is incorporated and in which it is incorporated and in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Defendant is a Delaware corporation with its principal place of business in New York.  Therefore, Defendant is a citizen of the States of Delaware and New York.

*See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186, 1192-93 (2010) ("principal place of business" of corporation "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," which is often "metaphorically called its 'nerve center'").

7.    Fictitious defendants are disregarded in determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). *See Mucci v. Decision One Mortg.*, No. CIV.A. 12-1840 JLL, 2012 WL 3757035, at *3 (D.N.J. Aug. 9, 2012), *report and recommendation adopted*, No. CIV.A. 12-1840 JLL, 2012 WL 3757290 (D.N.J. Aug. 28, 2012) ("The citizenship of parties with fictitious names such as 'John Doe' or ABC Corporation are disregarded for purposes of determining diversity.").

8.    In addition to the jurisdictional requirements for removal, under 28 U.S.C. §1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal of the action. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995); *Lewis v. Rego*, 757 F.2d 66, 68 (3d. Cir.1985).  This "rule of unanimity" requirement may be disregarded when a non-resident defendant has not been served at the time the removing defendants filed their petition. *See Balazik*, 44 F.3d at 213; *Granovsky v. Pfizer, Inc.*, 631 F.Supp.2d 554, 559 (D.N.J.2009); *see also R.K. v. Bender*, No. 17CV1299ESJAD, 2017 WL 3302690, at *2 (D.N.J. July 7, 2017), report and recommendation adopted, No. CV171299ESJAD, 2017 WL 3299037 (D.N.J. Aug. 1, 2017) ("Under the plain language of 28 U.S.C. § 1446(b)(2)(A), only defendants who 'have been properly joined and served' must consent to or join in a

removal.").  There are no other individual defendants named in the State Court Action.  Therefore, the requirement for unanimous consent among served defendants has been met.

9.      Accordingly, complete diversity of citizenship exists now and at the time the State Court Action was filed because Plaintiff and Defendant are citizens of different states.  Jurisdiction is thus proper under 28 U.S.C. § 1332.

10.      The matter in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

    a. In the Complaint, Plaintiff alleges violations of the New Jersey Law Against Discrimination ("NJLAD") in four claims. (*See* Ex. A).  Plaintiff seeks reinstatement of employment, back pay and benefits, consequential damages, punitive damages, pre-judgment interest and enhancements to off-set negative tax consequences, and attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law), ordering Defendant to take appropriate corrective action to stop and prevent retaliation at the workplace; ordering Defendant to take appropriate corrective action to stop and prevent harassment at the workplace; ordering Defendant to undergo anti-discrimination training; ordering Defendant to undergo anti-retaliation training; ordering Defendant to undergo anti-harassment training; ordering Defendant to undergo workplace civility training; ordering Defendant to undergo bystander intervention training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-discrimination training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-retaliation training; ordering Defendant to engage a

research organization to assess the effectiveness of their anti-harassment training; ordering Defendant to engage a research organization to assess the effectiveness of their workplace civility training; ordering Defendant to engage a research organization to assess the effectiveness of their bystander intervention training; ordering Defendant to identify an appropriate professional to investigate any future complaints of discrimination; ordering Defendant to identify an appropriate professional to investigate any future complaints of harassment; ordering Defendant to identify an appropriate professional to investigate any future complaints of retaliation. (*See* Ex. A, Complaint, Wherefore Paragraphs).

b. According to a reasonable reading of the Complaint, the amount in controversy is in excess of $75,000. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

c. Plaintiff also seeks punitive damages. "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages." *Goralski v. Shared Techs., Inc.*, No. CIV.A. 09-2461 (KSH), 2009 WL 2460752, at *5 (D.N.J. Aug. 7, 2009) (*citing Golden v. Golden,* 382 F.3d 348, 355 (3d. Cir. 2004)) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages).

d. Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir.

2007) (aggregating punitive damages and attorney's fees when calculating amount in controversy); *see also Raspa v. Home Depot*, 533 F.Supp.2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement[.]").  *See* 28 U.S.C. § 1332(a).

11.    Accordingly, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1331(a), which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

12.    The Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

13.    Upon filing of the Notice of Removal, Defendant gave written notice thereof to Rachel S. London, Esquire, Wall & London, LLC, 34 Tanner Street, Suite 4, Haddonfield, New Jersey 08033, attorneys for Plaintiff Elinor Cohen, pursuant to 28 U.S.C. §1446(d).

14.    By filing the Notice of Removal, Defendant does not concede Plaintiff is entitled to any damages or waive any defenses available to it at law, in equity or otherwise.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Dated:  May 23, 2023

By: _s/ Amber M. Spataro_

Amber M. Spataro, Esq.
Jessica C. Pooran, Esq.
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973-848-4700
E: ASpataro@littler.com
E: JPooran@littler.com
*Attorneys for Defendant,*
*CHECKMATE.COM INC. d/b/a*
*ITSACHECKMATE*

# EXHIBIT A

Rachel S. London, Esquire
Atty. No. 907452012
WALL & LONDON LLC
34 Tanner Street, Suite 4
Haddonfield, New Jersey 08033
P: (856) 428-1480 F: (856) 428-1436
E-mail: rlondon@wallandlondon.com
*Attorneys for the Plaintiff*

---

| | |
|---|---|
| ELINOR COHEN, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | BERGEN COUNTY |
| | |
| v. | CIVIL ACTION |
| | |
| CHECKMATE.COM INC. d/b/a | DOCKET NO.: 2:23-cv-2810 |
| ITSACHECKMATE; and JOHN DOES 1- | |
| 10 (fictitious names of entities and/or | |
| individuals whose identities are presently | |
| unknown), individually, jointly, severally | **COMPLAINT AND JURY DEMAND** |
| and/or in the alternative, | |
| | |
| Defendants. | |

---

The Plaintiff, ELINOR COHEN, by way of complaint against the Defendant, CHECKMATE.COM INC. d/b/a ITSACHECKMATE; and JOHN DOES 1-10; states as follows:

## INTRODUCTION

1. Defendant decided to terminate Plaintiff Elinor Cohen's employment after she blew the whistle on a discriminatory and hostile work environment. During her employment with Defendant, Ms. Cohen was subject to severe gender discrimination, pervasive bullying, and denial of accommodation. Fortunately, New Jersey law provides redress for employees subjected to such disparate treatment, discrimination, and retaliation. Plaintiff, therefore,

brings this lawsuit to expose Defendant's behavior and to seek redress for the unlawful treatment she suffered.

## NATURE OF ACTION

2.       This is an action by the Plaintiff as a former employee of the Defendant for recovery of damages in the amount of lost wages, emotional distress, benefits, and other remuneration, including attorney's fees and costs, by reasons of the Defendant's violation of the Plaintiff's rights under statutory law pursuant to the NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). As the Defendant employer employed individuals in New Jersey, it is subject to the provisions and prohibitions contained within the NJLAD.

3.       This is an action seeking equitable and legal relief for violations of the NJLAD, including, but not limited to, gender discrimination, hostile work environment, retaliation, denial of accommodation, and wrongful termination.

4.       Venue is properly laid in accordance with R.4:3-2(a) and (b) as Plaintiff's cause of action arose in Bergen County, New Jersey and Ms. Cohen resides in Bergen County, New Jersey.

## THE PARTIES

5.       Upon information and belief, Defendant CHECKMATE.COM INC. d/b/a ITSACHECKMATE INC. (hereafter referred to as "CHECKMATE" and/or "Defendant"), is the legal identity of a foreign profit corporation.

6.       Defendant CHECKMATE specializes in restaurant technology and Point of Sale (P.O.S.) integrations.

7.       At all relevant times herein, CHECKMATE employed the Plaintiff within New Jersey.

8.      Upon information and belief, the corporate Defendant is responsible and vicariously liable for the actions of any and all personnel and human resources entities which participated in the adverse employment actions alleged herein (pled as "John Does 1-10").

9.      Plaintiff ELINOR COHEN ("Ms. Cohen" and/or "Plaintiff") is a woman and New Jersey resident.

10.     Ms. Cohen was employed by CHECKMATE as a Marketing Manager from October 2021 until the time of her termination on May 11, 2022.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     Before she was terminated, Plaintiff was performing her job duties to the reasonable expectation of her employer. In fact, Plaintiff had received uniformly satisfactory performance evaluations during her employment.

12.     During the course of her employment, Plaintiff was subject to unlawful harassment and discrimination on the basis of her gender, including demeaning treatment from her supervisors.

13.     Ms. Cohen was routinely bullied, mocked, humiliated, and embarrassed at her workplace because of her gender.

14.     Plaintiff's supervisors exhibited visible annoyance when Ms. Cohen asked a question, but warmly and readily assisted male coworkers.

15.     Plaintiff's supervisors often ignored Ms. Cohen and failed to respond to numerous communications and inquiries.

16.     Plaintiff's supervisors often used a demeaning tone while responding to Ms. Cohen.

17.     During her employment with Defendant, Plaintiff believed that CHECKMATE's owner and CEO, Vishal Agarwal, fostered an unlawful, discriminatory workplace culture toward

women employees.

18. Plaintiff addressed her complaints and concerns with Defendant's Human Resources department.

19. On or around March 9, 2022, Plaintiff met with the Director of Human Resources Marsha Wood to discuss the toxic work environment for women employees. In the meeting, Ms. Wood expressed empathy for the Plaintiff because of similar gender-based discrimination that she had herself experienced from Mr. Agarwal.

20. Ms. Wood admitted to Plaintiff that Mr. Agarwal "*likes to hire strong women and then crush them.*"

21. Plaintiff's supervisors treated Plaintiff worse than male employees.

22. Plaintiff's supervisors disciplined Plaintiff more harshly than male employees.

23. Plaintiff was subjected to repeated and severe discriminatory treatment on the basis of her gender while at work and within Defendant's office.

24. Ms. Cohen reported the discriminatory treatment to Defendant.

25. On or about May 5, 2022, Plaintiff met with the Human Resources Associate Director, Sofia Tejada. They discussed the Plaintiff's potential upcoming need for a medical leave of absence.

26. Plaintiff's employment was terminated shortly thereafter.

27. Defendant was negligent in its efforts to remedy a hostile work environment when it failed to adequately respond to Plaintiff's numerous complaints of hostility.

28. In addition to the above harassment, Defendant failed to conduct an adequate investigation and take the remedial action necessary to protect Plaintiff from further intimidation and discrimination.

29.     Defendant has not maintained an anti-discrimination policy that is current and effective. Defendant failed to institute appropriate monitoring mechanisms to check the effectiveness of the policies and complaint structures.

30.     On May 11, 2022, Plaintiff was terminated, without warning, in direct retaliation for her complaint about the unlawful work environment at CHECKMATE.

**COUNT ONE –**
**VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. 10:5-1, *et seq.*:**
**HOSTILE WORK ENVIRONMENT BASED ON GENDER**

31.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

32.     Plaintiff's supervisors created a hostile working environment for Ms. Cohen.

33.     Despite its knowledge of discrimination and harassment, Defendant failed to take any effective remedial measures to protect its employee from discrimination, and harassment.

34.     As detailed more fully above, during the course of Ms. Cohen's employment, she has been subjected to a pattern and practice of repeated and blatant acts of discrimination based on her gender, which have offended, embarrassed, and humiliated her.

35.     The harassment and actions alleged herein were made against Ms. Cohen because of her gender.

36.     The conduct complained of above by the Plaintiff was severe and pervasive enough to make a reasonable person believe that the conditions of their employment were altered and that the working environment was hostile and abusive.

37.     The conduct complained of herein did, in fact, make the Plaintiff believe that the conditions of her employment were altered and that the working environment was hostile and abusive

because of her gender.

38.     By discriminating against Ms. Cohen based on her gender, the Defendant has violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.* ("NJLAD").

39.     The Defendant's acts were performed with malice and a reckless indifference to Ms. Cohen's protected rights.

40.     The alleged actions were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against the Defendant.

41.     The actual participation and willful indifference of upper management creates liability against the corporate Defendant.

42.     As a result of the Defendant's intentional and outrageous actions toward Ms. Cohen, as detailed in the previous paragraphs of this Complaint, Plaintiff has suffered, and continues to suffer, extreme emotional distress, anxiety, embarrassment, humiliation, monetary, emotional, reputational, and other injuries.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for harm suffered in violation of the NJLAD as follows: Reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law); such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable; ordering Defendant to take appropriate corrective action to stop and prevent retaliation at the workplace; ordering Defendant to take appropriate corrective action to

stop and prevent harassment at the workplace; ordering Defendant to undergo anti-discrimination training; ordering Defendant to undergo anti-retaliation training; ordering Defendant to undergo anti-harassment training; ordering Defendant to undergo workplace civility training; ordering Defendant to undergo bystander intervention training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-discrimination training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-retaliation training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-harassment training; ordering Defendant to engage a research organization to assess the effectiveness of their workplace civility training; ordering Defendant to engage a research organization to assess the effectiveness of their bystander intervention training; ordering Defendant to identify an appropriate professional to investigate any future complaints of discrimination; ordering Defendant to identify an appropriate professional to investigate any future complaints of harassment; ordering Defendant to identify an appropriate professional to investigate any future complaints of retaliation; and such other relief as may be available and which the Court deems just and equitable.

## COUNT TWO -
## VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12, et seq.
## DISCRIMINATION AND WRONGFUL TERMINATION
## ON THE BASIS OF GENDER

43.     The Plaintiff repeats, reiterates and incorporates by reference all of the allegations and counts made in the previous Counts and paragraphs of this Complaint as if set forth herein at length.

44.     The Defendant's actions described above constitute gender discrimination and wrongful termination in violation of the NJLAD.

45.     The decision to terminate Plaintiff's employment was influenced and/or motivated by her gender.

46.     The mistreatment and gender discrimination suffered by the Plaintiff, as described above in the preceding facts and paragraphs, culminated in Defendant terminating Plaintiff.

47.     The actions taken against the Plaintiff, and the conduct complained of by the Plaintiff, would not have occurred but for Plaintiff's gender.

48.     As a result of the discriminatory acts of the Defendant, the Plaintiff lost salary, job opportunities, advancement opportunities, and other pecuniary losses.

49.     As a direct and proximate result of the discriminatory and outrageous actions of the Defendant, the Plaintiff has suffered severe emotional distress, humiliation, and damage to reputation, both professionally and personally.

50.     The Defendant's acts were performed with malice and reckless indifference to the Plaintiff's protected rights.

51.     The actual participation and willful indifference of upper management creates liability against the corporate Defendant.

52.     The willful and deliberate discriminatory acts of the Defendant, including its management, were outrageous, and beyond all bounds of human decency, thus justifying the imposition of punitive damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for harm suffered in violation of the NJLAD as follows: Reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and

all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law); such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable; ordering Defendant to take appropriate corrective action to stop and prevent retaliation at the workplace; ordering Defendant to take appropriate corrective action to stop and prevent harassment at the workplace; ordering Defendant to undergo anti-discrimination training; ordering Defendant to undergo anti-retaliation training; ordering Defendant to undergo anti-harassment training; ordering Defendant to undergo workplace civility training; ordering Defendant to undergo bystander intervention training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-discrimination training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-retaliation training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-harassment training; ordering Defendant to engage a research organization to assess the effectiveness of their workplace civility training; ordering Defendant to engage a research organization to assess the effectiveness of their bystander intervention training; ordering Defendant to identify an appropriate professional to investigate any future complaints of discrimination; ordering Defendant to identify an appropriate professional to investigate any future complaints of harassment; ordering Defendant to identify an appropriate professional to investigate any future complaints of retaliation; and such other relief as may be available and which the Court deems just and equitable.

**COUNT THREE -**
**VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION,**
**N.J.S.A. 10:5-1, *et seq.*:**
**RETALIATION**

52.    The Plaintiff repeats, reiterates and incorporates by reference all of the allegations and

counts made in the previous Counts and paragraphs of this Complaint as if set forth herein

at length.

53.    Plaintiff complained about the aforementioned discrimination and hostile work

environment at CHECKMATE.

54.    Defendant was aware of Plaintiff's complaints.

55.    Plaintiff reasonably believed Defendant's conduct violated the NJLAD's prohibition on

gender discrimination.

56.    Defendant terminated Plaintiff in retaliation for the complaints.

57.    Defendant violated the NJLAD by retaliating against the Plaintiff and terminating her for

a reason directly related to her complaints of discrimination.

58.    Defendant violated the NJLAD in that it took retaliatory actions against the Plaintiff for

complaining about or objecting to violations of the NJLAD.

59.    The Defendant's actions described above constitute discrimination and wrongful

termination in violation of the NJLAD.

60.    The retaliation suffered by the Plaintiff, as described above, culminated in Defendant

terminating Plaintiff's employment.

61.    As a result of the discriminatory acts of the Defendant, the Plaintiff lost her salary, job

opportunities, advancement opportunities, and other pecuniary losses.

62.    As a direct and proximate result of the discriminatory and outrageous actions of the Defendant, the Plaintiff has suffered severe emotional distress, humiliation, and damage to her reputation, both professionally and personally.

63.    The Defendant's acts were performed with malice and reckless indifference to the Plaintiff's protected rights.

64.    The willful and deliberate discriminatory acts of the Defendant, including management, were outrageous, and beyond all bounds of human decency, thus justifying the imposition of punitive damages.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for harm suffered in violation of the NJLAD as follows: Reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; reinstatement; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law); such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable; ordering Defendant to take appropriate corrective action to stop and prevent retaliation at the workplace; ordering Defendant to take appropriate corrective action to stop and prevent harassment at the workplace; ordering Defendant to undergo anti-discrimination training; ordering Defendant to undergo anti-retaliation training; ordering Defendant to undergo anti-harassment training; ordering Defendant to undergo workplace civility training; ordering Defendant to undergo bystander intervention training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-discrimination

training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-retaliation training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-harassment training; ordering Defendant to engage a research organization to assess the effectiveness of their workplace civility training; ordering Defendant to engage a research organization to assess the effectiveness of their bystander intervention training; ordering Defendant to identify an appropriate professional to investigate any future complaints of discrimination; ordering Defendant to identify an appropriate professional to investigate any future complaints of harassment; ordering Defendant to identify an appropriate professional to investigate any future complaints of retaliation; and such other relief as may be available and which the Court deems just and equitable.

### COUNT FOUR - <br> VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION <br> N.J.S.A. 10:5-1, *et seq.*: <br> FAILURE TO PROVIDE REASONABLE ACCOMMODATION

65.   The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

66.   Prior to her termination, Ms. Cohen had performed her job duties to the reasonable expectation of her employer.

67.   Plaintiff specifically requested the reasonable accommodation that she be provided with a temporary leave of absence.

68.   Despite Plaintiff's need for reasonable accommodation, the Defendant refused to make any attempt to engage in an interactive process.

69.   Moreover, Defendant refused to communicate with Ms. Cohen after the Plaintiff tried to keep a channel of communication open by updating Defendant on her medical condition.

70.     The requested accommodation clearly did not pose any undue hardship to Defendant.

71.     Defendant failed to make a good faith effort to provide Plaintiff with reasonable accommodations.

72.     Defendant violated the New Jersey Law Against Discrimination by refusing to reasonably accommodate the Plaintiff and by terminating her employment.

73.     The discriminatory actions against the Plaintiff would not have occurred but for the fact that she was disabled.

74.     The alleged allegations were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against Defendant.

75.     Defendant's acts were performed with malice and a reckless indifference to Plaintiff's protected rights.

76.     Upon information and belief, there may be other John Does, to be identified through discovery, participated in or made decisions to discriminate against the Plaintiff.  These John Does may be later added as named parties.

77.     As a result of Defendant's intentional and outrageous actions toward the Plaintiff, Ms. Cohen has suffered, and continues to suffer, embarrassment, humiliation, emotional distress, reputational, and other monetary injuries.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for harm suffered in violation of the NJLAD as follows: Reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements

thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law); such other relief as may be available pursuant to the NJLAD and which the Court deems just and equitable; ordering Defendant to take appropriate corrective action to stop and prevent retaliation at the workplace; ordering Defendant to take appropriate corrective action to stop and prevent harassment at the workplace; ordering Defendant to undergo anti-discrimination training; ordering Defendant to undergo anti-retaliation training; ordering Defendant to undergo anti-harassment training; ordering Defendant to undergo workplace civility training; ordering Defendant to undergo bystander intervention training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-discrimination training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-retaliation training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-harassment training; ordering Defendant to engage a research organization to assess the effectiveness of their workplace civility training; ordering Defendant to engage a research organization to assess the effectiveness of their bystander intervention training; ordering Defendant to identify an appropriate professional to investigate any future complaints of discrimination; ordering Defendant to identify an appropriate professional to investigate any future complaints of harassment; ordering Defendant to identify an appropriate professional to investigate any future complaints of retaliation; and such other relief as may be available and which the Court deems just and equitable.

## COUNT FIVE - JOHN DOES

78.    The Plaintiff repeats, realleges, and incorporate by reference each and every allegation contained in the previous paragraphs and Counts as if fully set forth herein.

79.    Although the Plaintiff believes that the acts complained of were performed or caused by

the named Defendants, the Plaintiff cannot be certain that the named Defendants are the only person(s) or entity(ies) liable for the acts complained of as set forth herein.  Therefore, the Plaintiff has named John Does 1 - 10, fictitious persons or legal entities as Defendants(s) to this action.

80. As such, the terms "Defendants" or "Defendants" as used in all of the above Counts and paragraphs should therefore be defined and read as "Defendants(s) and/or John Doe(s)".

**WHEREFORE**, the Plaintiff demands judgment against the Defendants and John Does 1-10, jointly, severally, and alternatively, for such sums as would reasonably and properly compensate the Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

By:     /s/ Rachel S. London    
                Rachel S. London, Esquire
                **WALL & LONDON LLC**
                *Attorneys for the Plaintiff*

DATED: April 18, 2023