**LITTLER MENDELSON, P.C.**
Amber M. Spataro, Esq. (N.J. Bar No. 036892008)
Jessica C. Pooran, Esq. (NJ Bar No. 336962021)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973-848-4700
E: ASpataro@littler.com
E: JPooran@littler.com
*Attorneys for Defendant*
CHECKMATE.COM INC. d/b/a ITSACHECKMATE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELINOR COHEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHECKMATE.COM INC. d/b/a ITSACHECKMATE; and JOHN DOES 1-10 (fictitious names of entities and/or individuals whose identities are presently unknown), individually, jointly, severally and/or in the alternative,<br><br>　　　　　Defendants. | Case No: 2:23-cv-02810-KM-AME<br><br>**ANSWER AND SEPARATE DEFENSES TO COMPLAINT**<br><br>Electronically Filed |

Defendant Checkate.com Inc. ("Defendant" or "Checkmate") by and through their attorneys, Littler Mendelson, P.C., hereby answers the Complaint and Jury Demand ("Complaint") of Plaintiff Elinor Cohen ("Plaintiff") as follows:

**AS TO THE INTRODUCTION**

1. Except as to admit that New Jersey law provides redress for employees subjected to disparate treatment, discrimination, and retaliation, Defendant denies the allegations contained in the Introduction and further deny that Plaintiff was discriminated against or that a hostile work environment existed.

## AS TO THE NATURE OF ACTION

2. Except as to admit that Plaintiff has filed this lawsuit under the New Jersey Law Against Discrimination (the "NJLAD"), Defendant denies the allegations contained in the Nature of the Action and further deny that Plaintiff was harassed or retaliated against in any way.

3. Except as to admit that Plaintiff purports to seek relief, Defendant denies the allegations and that Plaintiff is entitled to any relief.

4. Paragraph 4 calls for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained Paragraph 4.

## AS TO THE PARTIES

5. Defendant admits the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore denies same.

8. Paragraph 8 calls for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9, and therefore denies same.

10. The allegations of Paragraph 10 are admitted.

## AS TO FACTS COMMON TO ALL CAUSES OF ACTION

11. Defendant denies the allegations of Paragraph 11.

12. The allegations contained in Paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and therefore denies same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14, and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore denies same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16, and therefore denies same.

17. The allegations contained in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18, and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19, and therefore denies same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20, and therefore denies same.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations contained in Paragraph 23 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24. The allegations of Paragraph 24 are denied.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, and therefore denies same.

4859-8393-9175.2 / 104706-1005

26. The allegations of Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

28. The allegations contained in Paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## AS TO COUNT ONE - VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION N.J.S.A. 10:5-1, et seq.: HOSTILE WORK ENVIRONMENT BASED ON GENDER

31. Defendant repeats and realleges each and every Paragraph above as if set forth fully herein.

32. The allegations of Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34. The allegations of Paragraph 34 are denied.

35. The allegations of Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37. The allegations contained in Paragraph 37 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

-5-

38. The allegations contained in Paragraph 38 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. The allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 are denied.

41. The allegations contained in Paragraph 41 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42. The allegations contained in Paragraph 42 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

To the extent that the WHEREFORE clause immediately following Paragraph 42 contains any allegations that require a response, Defendant denies them. Defendant specifically denies that Plaintiff is entitled to any damages or other relief whatsoever (including but not limited to reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, court costs, expert fees, attorneys' fees incurred by Plaintiff in the prosecution of this suit, as well as any and all corrective action and trainings, research engagements, and any other relief), and Defendant denies that Plaintiff has any factual or legal basis to seek such relief.

4859-8393-9175.2 / 104706-1005

## AS TO COUNT TWO - VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12, et seq. DISCRIMINATION AND WRONGFUL TERMINATION ON THE BASIS OF GENDER

43. Defendant repeats and realleges each and every Paragraph above as if set forth fully herein.

44. The allegations contained in Paragraph 44 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

45. The allegations of Paragraph 45 are denied.

46. The allegations contained in Paragraph 46 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

47. The allegations contained in Paragraph 47 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

48. The allegations of Paragraph 48 are denied.

49. The allegations contained in Paragraph 49 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

50. The allegations of Paragraph 50 are denied.

51. The allegations contained in Paragraph 51 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

52. The allegations contained in Paragraph 52 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

To the extent that the WHEREFORE clause immediately following Paragraph 50 contains any allegations that require a response, Defendant denies them. Defendant specifically denies that Plaintiff is entitled to any damages or other relief whatsoever (including but not limited to

reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, court costs, expert fees, attorneys' fees incurred by Plaintiff in the prosecution of this suit, as well as any and all corrective action and trainings, research engagements, and any other relief), and Defendant denies that Plaintiff has any factual or legal basis to seek such relief.

## AS TO COUNT THREE - VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, et seq.: RETALIATION

53. Defendant repeats and realleges each and every Paragraph above as if set forth fully herein.

54. The allegations of Paragraph 53 are denied.

55. The allegations of Paragraph 54 are denied.

56. The allegations of Paragraph 55 are denied.

57. The allegations contained in Paragraph 56 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

58. The allegations contained in Paragraph 57 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

59. The allegations contained in Paragraph 58 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

60. The allegations contained in Paragraph 59 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

61. The allegations of Paragraph 60 are denied.

62. The allegations of Paragraph 61 are denied.

63. The allegations contained in Paragraph 62 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

64. The allegations of Paragraph 63 are denied.

65. The allegations contained in Paragraph 64 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

To the extent that the WHEREFORE clause immediately following Paragraph 64 contains any allegations that require a response, Defendant denies them. Defendant specifically denies that Plaintiff is entitled to any damages or other relief whatsoever (including but not limited to reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, court costs, expert fees, attorneys' fees incurred by Plaintiff in the prosecution of this suit, as well as any and all corrective action and trainings, research engagements, and any other relief), and Defendant denies that Plaintiff has any factual or legal basis to seek such relief.

## AS TO COUNT FOUR - VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, et seq.: FAILURE TO PROVIDE REASONABLE ACCOMMODATION

66. Defendant repeats and realleges each and every Paragraph above as if set forth fully herein.

67. The allegations of Paragraph 66 are denied.

68. The allegations of Paragraph 67 are denied.

69. The allegations of Paragraph 68 are denied.

70. The allegations of Paragraph 69 are denied.

71. The allegations of Paragraph 70 are denied.

72. The allegations contained in Paragraph 71 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

73. The allegations contained in Paragraph 72 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

74. The allegations contained in Paragraph 73 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75. The allegations contained in Paragraph 74 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

76. The allegations of Paragraph 75 are denied.

77. The allegations of Paragraph 76 are not directed at Defendant, to which no response is required. To the extent a response is required, the allegations of Paragraph 76 are denied.

78. The allegations contained in Paragraph 77 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

To the extent that the WHEREFORE clause immediately following Paragraph 77 contains any allegations that require a response, Defendant denies them. Defendant specifically denies that Plaintiff is entitled to any damages or other relief whatsoever (including but not limited to reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, court costs, expert fees, attorneys' fees incurred by Plaintiff in the prosecution of this suit, as well as any and all corrective action and trainings, research engagements, and any other relief), and Defendant denies that Plaintiff has any factual or legal basis to seek such relief.

4859-8393-9175.2 / 104706-1005

## COUNT FIVE - JOHN DOES

79. Defendant repeats and realleges each and every Paragraph above as if set forth fully herein.

80. To the extent the allegations of Paragraph 79 are directed at Defendant, the allegations are denied.

81. The allegations of Paragraph 80 are not directed at Defendant, to which no response is required. To the extent a response is required, the allegations of Paragraph 80 are denied.

To the extent that the WHEREFORE clause immediately following Paragraph 80 contains any allegations that require a response, Defendant denies them. Defendant specifically denies that Plaintiff is entitled to any damages or other relief whatsoever, including interest and costs of suit.

## GENERAL DENIAL

Defendant denies any allegations in the Complaint to the extent not specifically admitted or denied herein.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendant asserts the following separate defenses, without assuming any burdens of production, persuasion, or proof that, pursuant to law, rest with Plaintiff.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages may be granted, and Defendant's good faith conduct and efforts to prevent discrimination, harassment, and retaliation preclude such an award.

### THIRD SEPARATE DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees and expenses may be granted.

### FOURTH SEPARATE DEFENSE

The Complaint fails to state a claim upon which compensatory damages may be granted.

### FIFTH SEPARATE DEFENSE

Plaintiff has failed to mitigate he alleged damages in whole or in part, and Defendant is entitled to an offset in the amount that Plaintiff has actually earned and/or in the amount that Plaintiff in the exercise of reasonable diligence could have earned.

### SIXTH SEPARATE DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 *et seq*.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, failure to exhaust administrative remedies, unclean hands, and laches.

### NINTH SEPARATE DEFENSE

Defendant relied upon legitimate, non-retaliatory and non-discriminatory factors in terminating Plaintiff's employment.

## TENTH SEPARATE DEFENSE

Defendant has in place well-publicized and enforced anti-discrimination and anti-retaliation policies, including effective complaint procedures and monitoring mechanisms, which is widely disseminated to all employees during their employment.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

## TWELFTH SEPARATE DEFENSE

The Complaint is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## THIRTEENTH SEPARATE DEFENSE

The Complaint fails to state facts sufficient to state a claim that would support the award of emotional distress damages.

## FOURTEENTH SEPARATE DEFENSE

Defendant is not the proximate or actual cause of the damages alleged by Plaintiff.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the after-acquired evidence doctrine.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own conduct or parties over whom Defendant has no control or right of control and for whose actions Defendant are not liable.

## EIGHTEENTH SEPARATE DEFENSE

Defendant reserves the right to rely upon any and all further defenses which become available to it or appear during discovery or pre-trial proceedings in this action, based on any facts

learned during discovery, and hereby specifically reserves the right to amend its Answer for the purpose of asserting any additional defenses.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in Defendant's favor and against Plaintiff, dismissing the Complaint as to Defendant in its entirety and with prejudice, and awarding Defendant's attorney's fees, costs and such other and further relief as the Court deems equitable and just.

### DEMAND FOR STATEMENT OF DAMAGES

Defendant demands that Plaintiff furnish the undersigned, within five (5) days after service hereof, with a written statement of damages claimed in each Count of the Complaint.

### DEMAND FOR PRODUCTION OF DOCUMENTS

Defendant demands that Plaintiff produce all documents and/or papers referred to in the Complaint, either directly or by reference, within five (5) days after service hereof.

### CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned hereby certifies that the within matter in controversy is not the subject of any other pending or contemplated court action or arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated.

## **DESIGNATION OF TRIAL COUNSEL**

      Defendant hereby designates Amber M. Spataro, Esq. and Jessica C. Pooran, Esq. as trial counsel in the within matter.

Dated: June 13, 2023                                   By: *s/ Jessica C. Pooran*
                                                                      Amber M. Spataro, Esq.
                                                                      Jessica C. Pooran, Esq.
                                                                      One Newark Center, 8th Floor
                                                                      Newark, New Jersey 07102
                                                                      P: 973-848-4700
                                                                      E: ASpataro@littler.com
                                                                      E: JPooran@littler.com
                                                                      *Attorneys for Defendant,*
                                                                      *CHECKMATE.COM INC. d/b/a*
                                                                      *ITSACHECKMATE*

4859-8393-9175.2 / 104706-1005

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day I caused and true and correct copy of the foregoing Defendant Checkmate.com's Answer to the Complaint to be e-filed with the court and copy sent via ECF notification to:

Rachel S. London, Esquire
WALL & LONDON LLC
34 Tanner Street, Suite 4
Haddonfield, New Jersey 08033
E-mail: rlondon@wallandlondon.com
Attorneys for the Plaintiff

Dated:  June 13, 2023                                          *s/Jessica C. Pooran*
                                                                                                            Jessica C. Pooran
                                                                                                             Amber M. Spataro

4859-8393-9175.2 / 104706-1005