UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELINOR COHEN,<br><br>                    Plaintiff,<br><br>v.<br><br>CHECKMATE.COM INC. d/b/a ITSACHECKMATE; and JOHN DOES 1-10 (fictitious names of entities and/or individuals whose identities are presently unknown), individually, jointly, severally and/or in the alternative,<br><br>                    Defendants. | Civil Action No.: 2:23-cv-02810<br><br>Hon. André M. Espinosa<br><br>**JOINT PROPOSED DISCOVERY PLAN**<br><br>**Conference Date: July 21, 2023** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   **WALL & LONDON LLC**
   Rachel S. London, Esquire
   34 Tanner Street, Suite 4
   Haddonfield, New Jersey 08033
   P: (856) 428-1480
   F: (856) 428-1436
   E: rlondon@wallandlondon.com

   **LITTLER MENDELSON, P.C.**
   Amber M. Spataro, Esq.
   Jessica C. Pooran, Esq.
   One Newark Center, 8th Floor
   Newark, New Jersey 07102
   P: 973-848-4700
   E: ASpataro@littler.com
   E: JPooran@littler.com
   Attorneys for Defendants

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   **Plaintiff:**

   **Plaintiff Elinor Cohen was employed by Defendant as a Marketing Manager until her termination in May 2022. Plaintiff brings this action for violations of the New Jersey Law Against Discrimination ("NJLAD") for gender discrimination, hostile work environment, retaliation, denial of reasonable accommodation, and wrongful termination. Plaintiff alleges that she was discriminated against based on her gender and was terminated after she made complaints about the disparate treatment.**

**Defendant:**

**Defendant denies treating Plaintiff differently because of her gender or creating a hostile work environment based on her gender. Defendant is not aware of and has no record of any complaints by Plaintiff. Plaintiff's employment was terminated when Defendant's CEO decided to eliminate the entire U.S.-based marketing department, which included Plaintiff's position and that of her supervisor. Defendant's CEO was not aware of any purported complaints by Plaintiff or that Plaintiff had allegedly requested an accommodation or a leave of absence at the time he eliminated the department. Hence, there can be no retaliation.**

3. Have settlement discussions taken place? Yes _____ No \_\_\_\_**X**_____

    (a) What was plaintiff's last demand?

        (1) Monetary demand:
        (2) Non-monetary demand: _____

    (b) What was defendants' last offer?

        (1) Monetary demand: $
        (2) Non-monetary demand: _____

4. The parties [have \_\_\_\_**X**_____ have not _____] met pursuant to Fed. R. Civ. P. 26(f).

5. The parties [have _____ have not \_\_\_**X**\_\_\_ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

    **The parties intend to exchange initial disclosures by August 4, 2023.**

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

    **N/A.**

7. The parties [have _____ have not \_\_\_\_\_**X**_____] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:

    **Defendants are seeking discovery related to Plaintiff's claims and alleged damages. This includes but is not limited to information regarding Plaintiff's alleged work environment, Plaintiff's alleged complaints, and Plaintiff's mitigation efforts. Defendants reserve the right to conduct discovery on other appropriate subjects that may arise during the course of litigation.**

2

4878-8590-6289.3 / 104706-1005

(b) Discovery [should \_\_\_\_**X**\_\_\_\_\_ should not _____] be conducted in phases or be limited to particular issues. Explain.

**Punitive damages discovery should be bifurcated until after a finding of liability.**

(c) Proposed schedule:

    (1) Fed. R. Civ. P. 26 Disclosures: **August 4, 2023.**

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): : **August 4, 2023.**

    (3) Service of initial written discovery: **August 4, 2023.**

    (4) Maximum of **25** Interrogatories by each party to each other party.

    (5) Maximum of **10** depositions to be taken by each party.

    (6) Motions to amend or to add parties to be filed by **February 1, 2024**.

    (7) Factual discovery to be completed by **April 5, 2024**.

    (8) Plaintiff's expert report due on **May 1, 2024.**

    (9) Defendant's expert report due on **June 1. 2024.**

    (10) Expert depositions to be completed by **July 1, 2024.**

    (11) Dispositive motions to be served within **60** days of completion of discovery.

(d) Set forth any special discovery mechanism or procedure requested.

**N/A**

(e) A pretrial conference may take place on **a date to be determined by the Court following the completion of discovery.**

(f) Trial date: **To be set by the Court** ( \_\_**X**\_\_\_Jury Trial; \_\_\_\_\_ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes \_**X**\_\_\_No_____. If so, please explain.

**Defendant intends to videotape the Plaintiff's deposition. The parties anticipate that**

3

**virtual/remote depositions may be possible. The parties also reserve the right to seek to limit the use of any discovery device at a later time during the course of discovery, and also to seek an appropriate Confidentiality Order regarding medical information or information concerning other persons or confidential business information.**

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
    Yes _____ No ___**X**_____.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

    **Not at this time; however, the parties reserve the right to seek an appropriate Confidentiality Order at a later date.**

12. Do you anticipate any discovery problem(s) not listed above? Describe.
    Yes _____ No ___**X**_____.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    **The parties are open to a settlement conference with the Court.**

14. Is this case appropriate for bifurcation? Yes ____**X**_____ No _____

    **The "punitive damages" phase of the case should be bifurcated from the initial determination of liability and other alleged damages, as punitive damages are not at issue unless and until liability has been decided in Plaintiff's favor.**

    An interim status/settlement conference (with clients in attendance), should be held **following the completion of fact discovery on a date to be determined by the Court**.

15. We [do _____ do not ____**X**_____] consent to the trial being conducted by a Magistrate Judge.

16. Identify any other issues to address at the Rule 16 Scheduling Conference.

    **N/A.**

4

4878-8590-6289.3 / 104706-1005

| | |
|---|---|
| **WALL & LONDON LLC** | **LITTLER MENDELSON, P.C.** |
| Rachel S. London, Esquire | Amber M. Spataro, Esq. |
| 34 Tanner Street, Suite 4 | Jessica C. Pooran, Esq. |
| Haddonfield, New Jersey 08033 | One Newark Center, 8th Floor |
| P: (856) 428-1480 | Newark, New Jersey 07102 |
| F: (856) 428-1436 | P: 973-848-4700 |
| E:rlondon@wallandlondon.com | E: ASpataro@littler.com |
| | E: JPooran@littler.com |

4878-8590-6289.3 / 104706-1005